# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
                                    )
         v.                      )       Criminal No. 09-081
                                    )       Judge Nora Barry Fischer
VERNON MACEO PATRICK,    )
                                    )
        Defendant.        )

## ORDER OF COURT

AND NOW, this 25th day of September, 2012, upon consideration of Defendant Vernon M. Patrick's *pro se* "Motion to Modify Sentence Pursuant to 18 U.S.C. 3582(c)(2)" filed on June 8, 2012 (Docket No. [40]), the "Supplement to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) With Citation to Authority," filed on July 6, 2012 by court-appointed counsel Michael J. Novara, First Assistant Public Defender, on Defendant's behalf (Docket No. [42]]), the "Government's Response to Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Accompanying Supplement to Said Motion" filed on July 31, 2012 (Docket No. [45]), and the recent decision by the United States Court of Appeals for the Third Circuit in *United States v. Berberena*, Nos. 11-4540, 12-1103, --- F.3d ----, 2012 WL 3937666 (3d Cir. Sept. 11, 2012),

IT IS HEREBY ORDERED that Defendant's Motion [40] is DENIED.   In so holding, the Court notes the following.  Defendant was sentenced to seventy-two (72) months incarceration after the Court granted him a variance from the advisory guideline range of one hundred (100) to one hundred and twenty-five (125) months.   (Docket No. 35).   At this stage, the parties agree that application of the 2011 retroactive amendments to the crack cocaine sentencing guidelines in this case would result in an amended advisory guideline range of eighty-four (84) to one hundred and

1

five (105) months, a range which remains higher than the sentence of seventy-two (72) months that was imposed. (Docket Nos. 42 at ¶ 9; 45 at 1). Defendant requests that the Court reduce his sentence to a term proportionally lower than the amended advisory guideline range to account for the twenty-eight percent (28 %) variance previously granted at the sentencing, i.e., to 60.5 months. (Docket No. 42). However, in light of the Court of Appeals' decision in *Berberena*, which is binding on this Court, it is clear that Guideline § 1B1.10 does not permit any reduction to Defendant's sentence as this Court lacks authority to reduce his sentence below the low end of the amended advisory guidelines range (84 months) and also affirms that Defendant's constitutional challenges to the Sentencing Commission's enactment of Guideline § 1B1.10 must be rejected. *See Berberena*, 2012 WL 3937666, at *3-10 (holding that § 1B1.10 is binding and rejecting challenges to the Commission's authority to promulgate an amended policy statement to § 1B1.10 which prevents district courts from reducing a defendant's sentence to a level below the amended guideline range); *see also, United States v. Andre Ware*, No. 12-1330, --- F.3d --- (3d Cir. Sept. 21, 2012) (explaining the decision in *Berberena*). Accordingly, Defendant is not eligible for a reduction to his sentence under the 2011 retroactive amendments to the guidelines and his motion for such a reduction is denied.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:        All counsel of record

               Vernon Maceo Patrick (USM # 30323-068) c/o Michael J. Novara, AFPD

               Probation Office

               U.S. Marshal

               Designation & Sentence Computation Center
               Federal Bureau of Prisons
               346 Marine Forces Drive
               Grand Prairie, TX 75051

               United States Sentencing Commission
               Attn: Document Control -Monitoring
               One Columbus Circle, N.E., Suite 2-500
               Washington, D.C. 20002-8002